## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**ANA MARTINEZ,**
**2024 Beacon Height Dr.**
**Reston, VA 20191**

                Plaintiff,

   v.

**BOSTON SCIENTIFIC CORP.**
**1 Boston Scientific Place**
**Natick, MA 01760-1537**

**AND**

**GUIDANT SALES CORP.**
**111 Monument Circle, Ste 2900**
**Indianapolis, IN 46204-5405**

                Defendants.

**CIVIL ACTION NO. _____**

**SUPERIOR COURT CASE NO.**
**2007 CA 006055 B**

### DEFENDANTS' NOTICE OF REMOVAL

Defendants Boston Scientific Corporation and Guidant Sales Corporation ("Defendants"), pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, file this Notice of Removal of this cause from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia. In support of this Notice of Removal, Defendants state as follows:

### INTRODUCTION

1.     On August 30, 2007, Plaintiff filed this action against Defendants. The action is styled as *Ana Martinez v. Boston Scientific Corp. and Guidant Sales Corporation,* Civil Action No. 2007 CA 006055 B, in the Superior Court of the District of Columbia, Civil Division.

142422v1

2.     Plaintiff Ana Martinez alleges she suffered serious injuries as a result of a February 2003 implantation of a cardiac medical device allegedly manufactured, designed and sold by Defendants. *See* Complaint at ¶¶ 20-43.

3.     This Court has original jurisdiction over this action under the provisions of Title 28, United States Code, Section 1332, and it is one that may be removed to this Court under the provisions of Title 28, United States Code, Section 1441. Removal under Section 1441 is appropriate in that there exists complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000. This action is being removed to the District Court for the district where the action is pending.

4.     Pursuant to 28 U.S.C. Section 1446(a), copies of all process, pleadings, and orders served upon Defendants are attached as **Exhibit A**.

## DIVERSITY OF CITIZENSHIP EXISTS

5.     Upon information and belief, Plaintiff Ana Martinez is a citizen of Virginia. *See* caption of plaintiff's Complaint listing plaintiff's residence in Reston, Virginia.

6.     Boston Scientific is now and was at the commencement of this action a Delaware corporation with its principal place of business in Massachusetts. Thus, Boston Scientific Corporation is a citizen of both Delaware and Massachusetts.

7.     Guidant Sales Corporation is now and was at the commencement of this action an Indiana corporation with its principal place of business in Minnesota. Thus, Guidant Sales Corporation is a citizen of both Indiana and Minnesota.

142422v1

8.    None of the parties in interest properly joined and served as defendants is a citizen of the District of Columbia.

9.    Thus, pursuant to 28 U.S.C. § 1332, complete diversity of citizenship exists between Plaintiff and Defendants.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

10.    Plaintiff Ana Martinez "requests judgment and damages against Defendants in excess of $100,000 plus interest and cost of suit." *See* Complaint at Prayer. Thus, the amount in controversy exceeds $75,000.

11.    In this case, Plaintiff alleges to have "suffered serious and permanent injuries and monetary damages including, but not limited to, medical expenses and loss of earnings. Plaintiff further suffered serious conscious pain, suffering and mental anguish.." *Id.* at ¶ 42. Plaintiff further alleges that she has suffered "economic and non-economic damages, including significant and severe physical and mental anguish, additional medical treatment, and loss of earnings and economic capacity." *Id.* at ¶ 35.

12.    Indeed, Plaintiff's alleged injuries are at least as serious as others that have been found to satisfy the amount in controversy. *See Gebbia v. Wal-Mart Stores*, 233 F.3d 880, 888 (5th Cir. 2000) (alleged damages in a slip and fall case for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement" met with the jurisdictional amount); *see also Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (alleged damages to property, travel expenses, emergency ambulance trip, six-day hospitalization, pain and suffering, humiliation, and an inability to do housework met jurisdictional amount); *In re Fen-Phen Cases*,

3

Nos. 8:01-CV-1587-T-30-MAP et al., slip op. at 5 (M.D. Fla. Dec. 4, 2001) (similar allegations against pharmaceutical manufacturer met jurisdictional amount) (attached as **Exhibit B**); *Haran v. Medtronic, Inc.*, No. 97-C-6459, 1998 WL 575278, at *3 (N.D. Ill. Sept. 3, 1998).[1]

13.    In addition, there are over 2,000 cases that have been filed in or removed to federal court against Defendants nationwide in which the plaintiffs, like Plaintiff here, allege that they are seeking compensatory damages for personal injuries allegedly caused by an implantable cardiac medical device.    More than 1,950 of these cases have already been consolidated in *In re: Guidant Corp. Implantable Defibrillators*, MDL No. 05-1708, which is pending in the United States District Court for the District of Minnesota.    Defendants' good-faith belief and estimate, based on the experience of their counsel in similar matters, is that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs.    *See Rubel v. Pfizer Inc.*, 361 F. 3d 1016, 1020 (7th Cir. 2004).

## REMOVAL IS OTHERWISE PROPER

14.    Plaintiff commenced this action on August 30, 2007, and served Defendants with process on August 31, 2007.    Thus, the filing of this Notice is within the initial 30-day time period set forth in 28 U.S.C. § 1446(b) in which to remove a case based on diversity jurisdiction.    Therefore, this Notice of Removal is timely.

15.    Removal venue exists in the United States District Court for the District of Columbia, because the Superior Court of the District of Columbia is within the District of the District of Columbia.    28 U.S.C. § 1441(a).

---

[1] In *Haran*, the plaintiff's complaint alleged damages including physical and emotional harm and economic loss as a result of the implantation of an allegedly defective pacemaker. The Court found to a reasonable probability that the "gravity of these alleged injuries support an inference that the amount in controversy here is greater than $75,000." *Id.* at *3.

16.    Written notice of the filing of the Notice of Removal will be promptly served on Plaintiff's counsel, and a copy will be promptly filed with the Clerk of the Superior Court of the District of Columbia pursuant to 28 U.S.C. § 1446(d).  A copy of the Notice of Filing Notice of Removal is attached hereto as **Exhibit C.**

17.    Both defendants in this action are represented by the undersigned and join in this Notice of Removal.

18.    As demonstrated above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000 and is between citizens of different states.

WHEREFORE, Defendants give notice that the matter styled as *Ana Martinez v. Boston Scientific Corp. and Guidant Sales Corporation,* Civil Action No. 2007 CA 006055 B, in the Superior Court of the District of Columbia is removed to the United States District Court for the District of Columbia, and requests that this Court retain jurisdiction for all further proceedings.

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

Michelle R. Mangrum, D.D.C. Bar No. 473634
600 14th St., N.W., Ste. 800
Washington, DC 20005
Telephone:      (202) 783-8400
Fax:              (202) 783-4211

**Attorneys for Defendants**
**Boston Scientific Corporation, and**
**Guidant Sales Corporation**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing has been furnished by first-class U.S. Mail, postage prepaid, this 20th day of September, 2007, to all counsel of record:

Barry J. Nace, Esq.
Gabriel A. Assaad, Esq.
Paulson & Nace
1615 New Hampshire Avenue, NW
Third Floor
Washington, DC  20009

Michelle R. Mangrum

**Attorney for Defendants
Boston Scientific Corporation, and
Guidant Sales Corporation**

142422v1

6

# CIVIL COVER SHEET

**I (a) PLAINTIFFS**

ANA MARTINEZ
2024 Beacon Height Dr.
Reston, VA 20191

**DEFENDANTS**

BOSTON SCIENTIFIC CORP., ET AL.
1 Boston Scientific Place
Natick, MA 01760-1537

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** ___Fairfax, VA___
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___Middlesex, MA___
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

GABRIEL A. ASSAD
1615 New Hampshire Ave., NW
Third Floor
Washington, DC 20009
Ph: (202) 463-1999

ATTORNEYS (IF KNOWN)

MICHELLE R. MANGRUM, DC Bar: 473634
Shook, Hardy & Bacon LLP
600 14th St., NW Ste. 800
Washington, DC 20005
Ph: (202) 783-8400
Fax: (202) 783-4211

---

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

○ 2 U.S. Government Defendant

○ 3 Federal Question
(U.S. Government Not a Party)

◉ 4 Diversity
(Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ◉ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ◉ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

---

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

○ **A. Antitrust**

☐ 410 Antitrust

◉ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☒ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

**Any nature of suit from any category may be selected for this category of case assignment.**

***(If Antitrust, then A governs)***

---

○ **E. General Civil (Other)**          **OR**          ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

## V. ORIGIN

○ 1 Original Proceeding    ◉ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C ss 1332, 1441, 1446. Plaintiff alleges injuries in connection with implantable medical device.

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23     DEMAND $ [100,000.00]     Check YES only if demanded in complaint

JURY DEMAND:     YES ☒     NO ☐

## VIII. RELATED CASE(S) IF ANY

(See instruction)     YES ☐     NO ☒     If yes, please complete related case form.

DATE September 20, 2007     SIGNATURE OF ATTORNEY OF RECORD     *Michelle A. Mangrum*

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
#### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

**I.**   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

**III.**   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

**IV.**   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

**VI.**   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.**   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

# Exhibit A



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

ANA MARTINEZ
    Vs.                                C.A. No.      2007 CA 006055 B
BOSTON SCIENTIFIC CORP

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge LYNN LEIBOVITZ
Date:  August 30, 2007
Initial Conference: 9:30 am, Friday, November 30, 2007
Location:  Courtroom 312
            500 Indiana Avenue N.W.
            WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc



CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

| ANA MARTINEZ | |
| --- | --- |
| *Plaintiff* | |

**0006055-07**

vs.

| BOSTON SCIENTIFIC CORP. | |
| --- | --- |
| *Defendant* | |

Civil Action No. [                    ]

## SUMMONS

To the above named Defendant:

   You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government  you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be  mailed  to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below**.   If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

   You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays.  You may file the original Answer  with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment  by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| GABRIEL A. ASSAAD |
| --- |
| Name of Plaintiff's Attorney |

| 1615 NEW HAMPSHIRE AVENUE |
| --- |
| Address |

| WASHINGTON DC 20009 |
| --- |

| (202) 463-1999 |
| --- |
| Telephone |

By _____
Deputy Clerk

Date   AUG 3 0 2007

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS  FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 98        **NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.




IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

| | |
|---|---|
| ANA MARTINEZ | |
| *Plaintiff* | 0006055-07 |
| **VS.** | Civil Action No. |
| GUIDANT SALES CORP. | |
| *Defendant* | |

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below**. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| | |
|---|---|
| GABRIEL A. ASSAAD | |
| Name of Plaintiff's Attorney | By _____ Deputy Clerk |
| 1615 NEW HAMPSHIRE AVENUE | |
| Address | |
| WASHINGTON DC 20009 | Date AUG 20 2007 |
| (202) 463-1999 | |
| Telephone | |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 98    **NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

### SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

ANA MARTINEZ,                                  :
2024 BEACON HEIGHT DR.                         :
RESTON, VA  20191                              :
                                               :
                           Plaintiff,          :
                                               :
                                               :
              *v.*                             :
                                               :
BOSTON SCIENTIFIC CORP.                        :
1 BOSTON SCIENTIFIC PLACE                      :
NATICK, MA 01760-1537                          :
                                               :
Serve:                                         :
CORPORATE SERVICE COMPANY                      :
1090 VERMONT AVENUE., N.W.                     :    Case No.
WASHINGTON, D.C. 20005                         :
                                               :
         AND                                   :
                                               :
GUIDANT SALES CORP.                            :
111 MONUMENT CIRCLE, STE 2900                  :
INDIANAPOLIS, IN 46204-5405                    :
                                               :
Serve:                                         :
CORPORATE SERVICE COMPANY                      :
1090 VERMONT AVENUE., N.W.                     :
WASHINGTON, D.C. 20005                         :
                                               :
                        Defendants.   :

RECEIVED
Civil Clerk's Office

AUG 3 0 2007

Superior Court of the
District of Columbia
Washington, D.C.

### COMPLAINT

COMES NOW Plaintiff, by and through the undersigned counsel, and files this complaint, and for his cause of action states:

### JURISDICTION

1.    Jurisdiction of this court is invoked pursuant to D.C. Code § 11-921, and by virtue of the fact that all acts and omissions complained of occurred within the District of Columbia.

2.     Personal Jurisdiction over defendants Boston Scientific Corp. and Guidant Sales Corp. is proper as both defendants conduct business in the District of Columbia.

3.     Venue in this court is proper since the cause of action arose in the District of Columbia.

## PARTIES

4.     Plaintiff, Ana Martinez, is an adult resident of Reston, Virginia in Fairfax County.

5.     Upon information and belief, defendant Boston Scientific Corp. is located in Natick, Massachusetts and is a corporation conducting business in the District of Columbia.

6.     Upon information and belief, defendant Guidant Sales Corp. is located in Indianapolis, Indiana and is a corporation conducting business in the District of Columbia.

7.     Upon information and belief, defendant Guidant Sales Corp. is a subsidiary of Boston Scientific Corp.

## BACKGROUND

8.     On or about February 12, 2003, Plaintiff Ana Martinez had the Guidant 1860 Ventak Prizm 2 VR device and the CPI 0148 Leads (hereinafter "device") implanted.

9.     On or about August 20, 2004, plaintiff had a syncopal episode while in Miami, Florida.

10.     On or about December 3, 2004, the plaintiff was seen by Allen Soloman, M.D., who noted that there were several episodes of non-sustained ventricular tachycardia recorded on plaintiff's device, which were later determined to be a result of an artifact produced by the lead and not actual episodes of tachycardia.

11.     On or about March 4, 2005, plaintiff was seen again by Allen Soloman, M.D. who noted that there were several episodes of non-sustained ventricular tachycardia recorded on

2

plaintiff's device, which were later determined to be a result of an artifact and not a result of arrhythmia.

12.    On or about March 18, 2005, plaintiff suffered a defibrillator shock from the device.

13.    On or about March 18, 2005, plaintiff was seen by Allen Soloman, M.D., who noted after reviewing the event, it was determined the episode was a result of the artifact and not an actual arrhythmia.

14.    On or about March 18, 2005, it was determined that plaintiff needed a ventricular lead revision.

15.    On or about March 24, 2005, Dr. Soloman performed a procedure to revise the ventricular leads of the artifact in which the superior vena cava was perforated as well as three other perforations in the area.

16.    On or about March 25, 2005, the plaintiff was transferred and admitted to the George Washington University Hospital for STAT surgery to repair the perforations.

17.    On or about March 25, 2005, prior to surgery, the plaintiff had no cardiac activity and was receiving CPR.

18.    On or about April 3, 2005, plaintiff was discharged from George Washington University Hospital.

19.    As a result of the lead revision surgery, which was necessary due to the failure of the device, plaintiff has suffered severe pain and suffering and mental anguish.

## Count I
(Design Defect)

20.    Paragraphs 1 through 19 shall be incorporated herein as though the same were restated here.

3

21.    Upon information and belief, plaintiff's injuries were caused by defective design of the Guidant 1860 Ventak Prizm 2 VR device and the CPI 0148 Leads. If the Guidant 1860 Ventak Prizm 2 VR device and the CPI 0148 Leads had not been defectively designed, the plaintiff would not have sustained her injuries.

22.    In further support, plaintiff claims:

(a)    That the Guidant 1860 Ventak Prizm 2 VR device and the CPI 0148 Leads were in its defective condition at the time it left possession of the defendants.

(b)    That the Guidant 1860 Ventak Prizm 2 VR device and the CPI 0148 Leads were unreasonably dangerous to plaintiff, who is the intended user and consumer.

(c)    That the defect was a proximate and direct cause of the injuries sustained by plaintiff.

(d)    That the product was expected to and did reach the consumer in its condition without substantial change.

23.    The Guidant 1860 Ventak Prizm 2 VR device and the CPI 0148 Leads were placed into the stream of commerce and sold by defendants in a defective and unreasonably dangerous condition in that the Guidant 1860 Ventak Prizm 2 VR device and the CPI 0148 Leads contained latent manufacturing flaws, which resulted in the Guidant 1860 Ventak Prizm 2 VR device and the CPI 0148 Leads malfunctioning while being used for their intended purpose.

24.    As a result of the defect described above, plaintiff suffered serious and permanent injuries and monetary damages including, but not limited to, medical expenses and loss of earnings. Furthermore, plaintiff suffered further conscious pain, suffering, and mental anguish.

4

25.    Plaintiff also claims that she suffers the injuries without the presence of any negligence on her part.

## Count II
### (Manufacture Defect)

26.    Paragraphs 1 through 25 shall be incorporated herein as though the same were restated here.

27.    Upon information and belief, plaintiff's injuries were caused by a manufacturing defect of the Guidant 1860 Ventak Prizm 2 VR device and the CPI 0148 Leads. If the Guidant 1860 Ventak Prizm 2 VR device and the CPI 0148 Leads had not been defectively manufactured, plaintiff would not have sustained her injuries.

28.    The Guidant 1860 Ventak Prizm 2 VR device and the CPI 0148 Leads was placed into the stream of commerce and sold by defendants in a defective and unreasonably dangerous condition in that the Guidant 1860 Ventak Prizm 2 VR device and the CPI 0148 Leads contained latent manufacturing flaws, which resulted in the Guidant 1860 Ventak Prizm 2 VR device and the CPI 0148 Leads malfunctioning while being used for its intended purpose.

29.    The defect described above was a proximate and direct cause of which plaintiff suffered serious and permanent injuries and monetary damages including, but not limited to, medical expenses and loss of earnings. Furthermore, plaintiff suffered further conscious pain, suffering, and mental anguish.

30.    Plaintiff also claims that she suffers the injuries without the presence of any negligence on her part.

## Count III
### (Negligence)

31.    Paragraphs 1 through 30 as stated above are incorporated herein by reference.

32.    Defendants, their agents, servants and employees, owed a duty to Plaintiff to manufacture equipment that was not defective.

33.    Plaintiff relied upon defendants, their agents, servants and employees, to manufacture non-defective equipment.

34.    Defendants, their agents, servants and employees either did not possess the degree of skill, care, judgment and expertise required of them, or did not use the degree of skill, care, judgment and expertise required of them in manufacturing the Guidant 1860 Ventak Prizm 2 VR device and the CPI 0148 Leads. They thereby breached their duties owed to Plaintiff, including, but not limited to, the following duties:

(a)    To properly design a reasonably safe and effective device for the reasonable prudent consumer

(b)    To properly manufacture a reasonably safe and effective device for the reasonable prudent consumer; and

(c)    Defendant negligently constructed, assembled, inspected and sold the device as described as it was dangerous and unsafe for its intended purpose.

(d)    Being otherwise negligent.

35.    As a direct and proximate result of the aforementioned negligence of Defendants, their agents, servants and employees, Plaintiff has endured economic and non-economic damages, including significant and severe physical and mental anguish, additional medical treatment, and loss of earnings and economic capacity.

36.    Plaintiff also asserts that the injuries were due to in no part to any negligence done by her.

6

37.     Plaintiff also asserts the doctrines of *res ipsa loquitur* and *respondeat superior*.

### Count IV
#### (Breach of Implied and Express Warranties)

38.     Paragraphs 1 through 37 as stated above shall be incorporated herein as though the same were restated here.

39.     Prior to the accident, Defendants expressly/impliedly warranted to Plaintiff that the Guidant 1860 Ventak Prizm 2 VR device and the CPI 0148 Leads were merchantable and fit for the ordinary purpose for which devices like such are intended.

40.     Prior to the procedure involved herein, Defendants impliedly warranted to plaintiff that the Guidant 1860 Ventak Prizm 2 VR device and the CPI 0148 Leads were fit for the particular purpose for which they are intended.

41.     Defendants breached its express and implied warranties despite having reasonable notice of problems with their Guidant 1860 Ventak Prizm 2 VR device and the CPI 0148 Leads at issue in this complaint.

42.     As a result of defendants' breach of warranty in causing the injuries sustained by plaintiff, the claimant has suffered serious and permanent injuries and monetary damages including but not limited to medical expenses and loss of earnings. Plaintiff further suffered serious conscious pain and suffering and mental anguish.

43.     Plaintiff has been injured without any negligence on his part.

**WHEREFORE**, Plaintiff requests judgment and damages against Defendants in excess of $100,000 plus interest costs of suit, and such other and further relief as this court deems just and proper.

Dated: August _30th_, 2007

Respectfully Submitted,

PAULSON & NACE

Barry J. Nace, #130724
Gabriel A. Assaad, # 478538
1615 New Hampshire Avenue, NW
Third Floor
Washington, D. C.  20009
(202) 463-1999


\*\*\*

## Jury Demand

Plaintiff, by and through the undersigned counsel and pursuant to Rule 38 of the District

of Columbia Rules of Civil Procedure, hereby demands trial by jury of all issues in this matter.

Gabriel A. Assaad

8

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

**ANA MARTINEZ,**                            :
                                             :
                    **Plaintiff,**           :
                                             :
         *v.*                                :        **Case No. 2007 CA 006055 B**
                                             :
**GUIDANT SALES CORP.**                      :
                                             :
                    **Defendants.**  :

## CERTIFICATE REGARDING DISCOVERY

I hereby certify that on August 31, 2007, I served on all counsel and parties hereto:

1. *Ana Martinez Interrogatories to Boston Scientific Corp.*
2. *Ana Martinez Request for Production of Documents to Boston Scientific Corp.*
3. *Ana Martinez Interrogatories to Guidant Sales Corp.*
4. *Ana Martinez Request for Production of Documents to Guidant Sales Corp.*

I will retain the original of the forgoing document(s) in my possession, without alteration,

until the case is concluded in this Court, the time for noting an appeal has expired, and any

appeal noted has been decided.

Respectfully submitted,

PAULSON & NACE

Barry J. Nace, #130724
Gabriel A. Assaad, # 478538
1615 New Hampshire Ave., NW
Washington, DC 20009
(202) 463-1999
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31<u>st</u> day of August, 2007 I caused a true and exact copy of the foregoing *Certificate Regarding Discovery* to be served by processes server along with the *Complaint*:

**BOSTON SCIENTIFIC CORP.**
**1 BOSTON SCIENTIFIC PLACE**
**NATICK, MA 01760-1537**

Serve:
CORPORATE SERVICE COMPANY
1090 VERMONT AVENUE., N.W.
WASHINGTON, D.C. 20005

**AND**

**GUIDANT SALES CORP.**
**111 MONUMENT CIRCLE, STE 2900**
**INDIANAPOLIS, IN 46204-5405**

Serve:
CORPORATE SERVICE COMPANY
1090 VERMONT AVENUE., N.W.
WASHINGTON, D.C. 20005

Gabriel A. Assaad

# Exhibit B

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA, Tampa Division

01 C20 -4 Fil 3: 20

IN RE: FEN-PHEN CASES

CASE NUMBERS:

| | | |
|---|---|---|
| 8:01-CV-1587-T-30-MAP | 8:01-CV-1615-T-30-TBM | 8:01-CV-1680-T-30-TBM |
| 8:01-CV-1589-T-30-MAP | 8:01-CV-1616-T-30-MAP | 8:01-CV-1681-T-30-MAP |
| 8:01-CV-1591-T-30-MSS | 8:01-CV-1618-T-30-TBM | 8:01-CV-1682-T-30-MAP |
| 8:01-CV-1592-T-30-TBM | 8:01-CV-1619-T-30-TBM | 8:01-CV-1683-T-30-TBM |
| 8:01-CV-1593-T-30-TGW | 8:01-CV-1620-T-30-TBM | 8:01-CV-1684-T-30-EAJ |
| 8:01-CV-1594-T-30-EAJ | 8:01-CV-1622-T-30-MAP | 8:01-CV-1685-T-30-MAP |
| 8:01-CV-1595-T-30-EAJ | 8:01-CV-1624-T-30-MSS | 8:01-CV-1686-T-30-EAJ |
| 8:01-CV-1597-T-30-MAP | 8:01-CV-1625-T-30-TBM | 8:01-CV-1688-T-30-EAJ |
| 8:01-CV-1598-T-30-EAJ | 8:01-CV-1626-T-30-MSS | 8:01-CV-1689-T-30-EAJ |
| 8:01-CV-1599-T-30-TBM | 8:01-CV-1628-T-30-EAJ | 8:01-CV-1690-T-30-EAJ |
| 8:01-CV-1603-T-30-MAP | 8:01-CV-1629-T-30-MSS | 8:01-CV-1691-T-30-TGW |
| 8:01-CV-1604-T-30-TGW | 8:01-CV-1630-T-30-EAJ | 8:01-CV-1692-T-30-MAP |
| 8:01-CV-1605-T-30-MAP | 8:01-CV-1631-T-30-TBM | 8:01-CV-1694-T-30-MAP |
| 8:01-CV-1606-T-30-EAJ | 8:01-CV-1634-T-30-MSS | 8:01-CV-1695-T-30-MAP |
| 8:01-CV-1607-T-30-MAP | 8:01-CV-1635-T-30-TGW | 8:01-CV-1696-T-30-EAJ |
| 8:01-CV-1608-T-30-MSS | 8:01-CV-1673-T-30-MAP | 8:01-CV-1702-T-30-TGW |
| 8:01-CV-1610-T-30-TBM | 8:01-CV-1674-T-30-TGW | 8:01-CV-1703-T-30-EAJ |
| 8:01-CV-1611-T-30-TBM | 8:01-CV-1675-T-30-TBM | 8:01-CV-1704-T-30-TGW |
| 8:01-CV-1612-T-30-EAJ | 8:01-CV-1677-T-30-MSS | 8:01-CV-1724-T-30-MAP |
| 8:01-CV-1613-T-30-MSS | 8:01-CV-1678-T-30-MSS | |
| 8:01-CV-1614-T-30-TGW | 8:01-CV-1679-T-30-MSS | |

## ORDER ON JURISDICTIONAL ISSUES[1]

This cause came on for consideration upon the Plaintiff's motion for remand (Dkt. 9),

Defendant's opposition thereto (Dkts. 10, 12) and other submissions concerning this Court's subject

matter jurisdiction. Specifically, Defendants requested that all cases be consolidated with the judge

in the lowest numbered case for resolution of all jurisdictional matters. (Dkts. 8, 25). Pursuant to

Local Rule 1.04, the Honorable Judge James S. Moody Jr. received transfer of all diet drug cases

pending in the Middle District of Florida with the exception of twelve cases[2] pending before the

Honorable James D. Whittemore.

---

[1] The docket numbers referred to in this Order are for Case No. 8:01-cv-1587-T-30MAP; the jurisdictional rulings herein apply to each of the cases listed above.

[2] Subsequently, the parties in one of these cases agreed to remand the case to state court after finding diversity of citizenship lacking. See Scharle v. American Home Products Corp., Case No. 8:01-cv-1601-T-27EAJ. Accordingly, there are 11 cases pending before Judge Whittemore.

41

Plaintiff filed supplemental material on the motion for remand. (Dkt. 21). Additionally, Defendant filed motions for leave to conduct discovery regarding jurisdiction. (Dkt. 20). The Court heard the arguments of counsel on October 29 and November 27, 2001, and reviewed supplemental briefs submitted by the parties on certain jurisdictional issues, as permitted by the Court. (Dkts. 26-27, 30-34, 36, 38). Upon careful consideration, the Court finds that these cases were properly removed to this Court for the reasons set forth herein.

## BACKGROUND

This case and the seventy-two other product liability cases removed from the Sixth Judicial Circuit Court in and for Pinellas County, Florida, involve the prescription diet drugs, Pondimon (fenfluramine) and Redox (dexfenfluramine),[2] and allege personal injury damages caused from the ingestion of these drugs. These cases are currently in the process of transfer, as potential tag-along cases, to the diet drug Multi-District Litigation (MDL) pending in the Eastern District of Pennsylvania before the Honorable Louis C. Bechtle.[3] See In re Diet Drugs (Phentermine / Fenfluramine / Dexfenfluramine) Products Liability Litigation), MDL Docket No. 1203, U.S. District Court, Eastern District of Pennsylvania. A conditional transfer order has been entered and Plaintiffs have filed an opposition to the transfer, at least in part based upon the pendency of the jurisdictional issues resolved herein. This Court has otherwise stayed all pretrial proceedings pending the resolution of the transfer. (Dkt. 25).

In the MDL, an "Official Court Notice of Nationwide Diet Drug Class Action Settlement" was filed. The Plaintiffs in the cases pending before this Court have opted out of this settlement;

---

[2] These diet drugs were voluntarily withdrawn from the market in September 1997.

[3] These cases were initially consolidated by Order of the Judicial Panel on Federal Multi-District Litigation on December 12, 1997.

2

although Plaintiff filed the official settlement notice herein in support of her motion to remand this action to state court on the grounds that Defendant failed to establish that the amount in controversy is greater than the required amount of $75,000.

After Plaintiff filed motions for remand, Defendant objected that Plaintiff's motion for remand was untimely[4] because it was filed thirty-one days after Defendant filed its notice of removal. The time for filing a motion to remand is set in 28 U.S.C. §1447(c) which states, in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).

Because Defendant brought up the issue of untimeliness at the October 29 hearing, the Court permitted Plaintiff to file a supplemental brief on this issue.

Under the removal statute, an untimely motion precludes the Court's review of defects "other than lack of subject matter jurisdiction" and acts like a waiver by Plaintiff of any procedural defects in the removal. See Brown v. Prudential Ins. Co. of America, 954 F. Supp. 1582, 1584 (S.D. Ga. 1997); see also In re Plowman, 218 B.R. 607, 613 (N.D. Al. 1998) (explaining 1996 amendment regarding defects in removal). Plaintiff's motion for remand makes two arguments for "procedural defects" in Defendant's removal: (1) the timeliness of the filing of the removal notice, and (2) Defendant's failure to obtain the consent of one of the other co-defendants prior to removal. Accordingly, the Court must first review Defendant's objection to timeliness of the motion for remand prior to addressing to the merits of the remand motion as it relates to those defects other than lack of subject matter jurisdiction.

---

[4] Defendant concedes that in one of the cases, Lockhart v. American Home Products Corp., Case No. 8:01-cv-1704-T-30TGW, Plaintiff filed a timely motion for remand. This case is specifically discussed *infra*. Additionally, in five of the cases, Plaintiff failed to file a motion for remand but filed a supplement to the motion to remand. Because Plaintiff filed a supplemental brief on the issue of remand in these cases, the Court considers whether remand is appropriate for all cases.

Plaintiff's motion for remand also disputes that Defendant has established subject matter jurisdiction. First, Plaintiff asserts that because the complaint incorporates the allegations contained in a "Master Complaint" filed in the state court action, several of the defendants are not diverse in citizenship from the Plaintiff.[5] Second, Plaintiff asserts that Defendant has not established that this case involves $75,000 in controversy as required for this Court to have subject matter jurisdiction pursuant to 28 U.S.C. §1332.[6] This Court permitted the parties to file additional materials concerning the amount in controversy. See Williams v. Best Buy, 269 F.3d 1316 (11th Cir. 2001).

## LEGAL ANALYSIS

This Court is faced with the decision of whether Plaintiff's motion for remand, filed thirty-one days after Defendant filed its notice of removal, is untimely under the removal statute, 28 U.S.C. §1447.[7] If found to be untimely, the Court is precluded from addressing the Plaintiff's arguments that (1) Defendant's notice of removal was filed untimely and (2) Defendant failed to obtain the consent of one of the other co-defendants. Plaintiff also raises lack of subject matter jurisdiction in the motion to remand. See Hobbs v. Blue Cross Blue Shield of Alabama, 1283650 (11th Cir. Oct. 24, 2001) (court must determine whether subject matter jurisdiction exists over a pending action "whether or not this issue was raised before"). Accordingly, the Court will first address the issue of lack of subject matter jurisdiction.

---

[5] Initially, this Court *sua sponte* remanded five cases on the grounds that diversity of citizenship did not exist because Plaintiff incorporated several non-diverse defendants from the "Master Complaint" into these actions. Upon remand, Defendant again removed these cases and clarified that the many of the non-diverse defendants were *not* incorporated into this action and complete diversity existed. At the October 29 hearing, the Court ruled *ore tenus* that the incorporation of the "Master Complaint" does not defeat diversity of citizenship. See Dkt. 22.

[6] Plaintiff concedes, in supplemental briefing (Dkt. 38, p. 2), that based on certain Plaintiffs' injuries, 18 of the cases meet the amount in controversy requirement.

[7] There are two "batches" of cases that were removed. The first batch was removed on August 28, 2001, and the second batch was removed on September 4, 2001.

4

### *Lack of Subject Matter Jurisdiction*

Plaintiff asserts that Defendant has failed to establish in its removal notice that it has met the amount in controversy requirement of $75,000. Defendant's removal notice reads, in pertinent part, that "no verdict entered in any similar case has been for less than $75,000. *See, e.g.,* Media Reports, attached as Exhibit C. Accordingly, on its face, Plaintiff's Complaint places more than $75,000 in controversy." Dkt. 1, ¶11. Plaintiff's complaint alleges the amount in controversy exceeds $15,000, as required for the state court's jurisdiction, and argues that the allegations in Defendant's removal notice fall short of the meeting the burden required of a removing party. *See* Golden v. Dodge-Markham Co., Inc., 1 F. Supp.2d 1360 (M.D. Fla. 1998).

The Eleventh Circuit recently addressed the burden the removing party must carry in properly removing a case under the Court's diversity jurisdiction. *See* Williams v. Best Buy Co., 2001 WL 1244759 (11th Cir. Oct. 18, 2001). When the complaint fails to seek a specified amount of damages, the removing party need only show, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *Id.*

Defendant asserts that the allegations in Plaintiff's complaint are sufficient to establish the amount in controversy. Plaintiff alleges, in pertinent part, that she has sustained "serious and permanent injuries including, but not limited to, injuries of the heart, pulmonary system and/or neurological and other physical injuries; disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of the ability to earn money in the future." *See* Dkt 1, ¶11, *citing* Plaintiff's Master Complaint. Defendant also cites to cases with similar allegations that were found to have sufficiently supported the amount in controversy requirement. Defendant further asserts, in its notice of removal, that no verdict "in a similar case" has been entered for less than $75,000. Plaintiff

asserts that Defendant has failed to make an "affirmative showing" that Plaintiff's allegations meet this threshold requirement.

Defendant initially requested permission to conduct discovery on this issue. See Dkt. 11. The Court did not grant this request, instead permitting the parties to file additional material supporting their arguments. In these additional pleadings, Plaintiff filed the official court notice of settlement from the MDL case. See Dkt. 21. She analogizes her case to those covered by the class action settlement notice who are listed as only receiving $6000-10,000 based on their injuries, and contends that Defendant can not affirmatively show that similar cases have damages greater than $75,000.

Defendant, however, filed the declaration of one of the attorneys involved in the AHP litigation who cites five diet drug cases in various state courts that had jury verdicts (all of the cases reaching verdict and including only compensatory damages) ranging from $1.75 million to $30 million. See Dkt. 34. In the Declaration, Mr. Grossi also attests that the plaintiffs in those cases alleged similar "broadly worded" claims for damages and argued at trial that their conditions were likely to deteriorate and may require surgery in the future.

At the hearing on this issue, the Court found Defendant's supplemental filings to be compelling and informed Plaintiff's counsel that only a stipulation by Plaintiff that she was not seeking in excess of $75,000 would overcome the declaration filed by Defendant. Plaintiff declines to so stipulate. In the absence of such a stipulation, the Court finds that Defendant has met its burden under the law of this Circuit and established the amount in controversy requirement pursuant to 28 U.S.C. §1332.

6

## *Timeliness of Plaintiff's Motion for Remand*

Defendant asserts that Plaintiff's motion for remand is untimely because she failed to file her motion within thirty-days of the filing of Defendant's notice of removal.  This issue must be addressed before the Court looks to the two "procedural defect" grounds raised by Plaintiff in the motion for remand.  If the motion for remand is untimely, these Court will not address the merits of these defects because Plaintiff is deemed to have waived any objections to procedural defects in the removal.  Defendant's removal will not be disturbed once subject matter jurisdiction has been established.

Defendant contends that this issue is controlled by the plain words of the removal statute, Plaintiff has thirty days from the filing of the notice of removal to file a motion for remand "on the basis of any defect other than lack of subject matter jurisdiction."  Failure to do so bars the raising of any "procedural" or "technical" defects with the removal.  Plaintiff contends that he should be permitted the additional three days for mail time afforded by Fed. R. Civ. P. 6(e).  Rule 6(e) reads in pertinent part;

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.

The only federal appellate court to squarely address this issue has clearly held that the plain words of the statute control and the mail time set forth in Rule 6(e) does not extend the thirty-day time period to file a motion for remand, "as that rule only applies when a party is required to act within a prescribed period after *service*, not after *filing*."  Pavone v. Mississippi Riverboat Amusement Corp., 52 F.3d 560, 566 (5th Cir. 1995). See also In re: Bethesda Memorial Hosp., 123 F.3d 1407, 1410-11 (11th Cir. 1997) (in determining that remand order was reviewable when case was remanded on procedural defect after 30 days of removal notice, court looked to "plain language"

7

of 28 U.S.C. §1447(c) and finds it was "bound by the thirty-day limit"); Clements v. Florida East Coast Ry. Co., 473 F.2d 668, 670 (5th Cir. 1973)[5] ("Rule 6(e) has no application [when] the action required of plaintiff was not within a prescribed period after service of the order upon him.").

Plaintiff responds by looking at several district court opinions that have specifically permitted a plaintiff to add the three-day mail time from Rule 6(e) to motions for remand when the defendant served the removal notice by mail. See McPherson v. Peele Co., 1995 WL 56600 (E.D. Pa. 1995); McGovern v. Mucklow, 1992 WL 160639 (E.D. Pa. 1992); Chott v. Cal Gas Corp., 746 F. Supp. 1377 (E.D. Mo. 1990); but see Lewis v. Certainteen Corp., 870 F. Supp. 130 (W.D. La. 1994) (not allowing Rule 6(e) mail time for motion to remand). Plaintiff urges the Court to rule as did the two Eastern District of Pennsylvania cases that allowed Rule 6(e) mail time for motions to remand, pointing to the equity of utilizing the law of the district in which the MDL is pending. But see Robinson v. Nutter, 1995 WL 61158, *4, n.4 (E.D. Pa. 1995) (plaintiffs are not permitted to "avail themselves of the three-day grace period provided in [] Rule 6(e)" for filing their motion to remand); cf. Mosel v. Hills Department Store, 789 F.2d 251 (3d Cir. 1986) (mail time did not apply to extend 90-day period following receipt of right-to-sue letter from Equal Employment Opportunity Commission within which employee was required to file employment discrimination complaint – Rule 6(e) only applies "where a time period is measured from the date of service by mail").

As the Court noted at the hearing on this matter, were it to rule on the issue "from scratch," it would rule the way the court did in the footnote four in the Robinson case because the period for filing a motion to remand is commenced by *filing*, not by *service*. However, at the hearing, the Court also noted the unfairness of applying law to this case contrary to the law found in the two Eastern

---

[5] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

District of Pennsylvania courts cited by Plaintiff because that is where the diet drug MDL action is

pending and where these cases are likely to be transferred if they remain in federal court. These two

cases specifically permitted an extra three days mail time for motions to remand so that motions filed

thirty-three days after the removal notice was filed, if it was served by mail, would be considered

timely. See McPherson v. Peele Co., 1995 WL 56600 (E.D. Pa. 1995); McGovern v. Mucklow,

1992 WL 160639 (E.D. Pa. 1992). Despite the Court's equitable leaning towards finding the motion

for remand timely (by allowing the three days mail time in Rule 6(e)), upon further consideration the

Court has determined that it is constrained by the plain words of the removal statute, and the Pavone,

Mosel, Clements, and Bethesda Memorial Hospital cases, to find that Rule 6(e) does not extend the

time period for filing a motion to remand.  Accordingly, the Plaintiff's motion for remand is

untimely and the Court makes no finding on the procedural defects raised by Plaintiff for the cases

in which the motion for remand was filed thirty-one days after the removal notice was filed.

### Case No. 8:01-cv-1704-T-30TGW

To conserve judicial resources and paper, the Court directed the parties to file all pleadings

in this lowest numbered case, Delorme v. American Home Products Corp., Case No. 8:01-cv-1587-

T-30MAP, while reviewing jurisdictional issues. See Dkt. 23. In Defendant's supplemental brief

on jurisdiction, Plaintiff attached a table listing the time period in which the motions for remand

were filed in each removed diet drug case. See Dkt. 27, Exh. A. There was only one case in which

the motion for remand was timely filed – Lockhart v. American Home Products Corp., Case No.

8:01-cv-1704-T-30TGW. In this case, Plaintiff filed his motion for remand twenty-four days after

9

the notice of removal was filed. Accordingly, this motion is timely and the Court will address the issues raised by Plaintiff in its timely motion for remand filed in Lockhart.[9]

In this case, it is alleged that the Plaintiff, Janet Lockhart, is a resident of Orange County, Florida. Defendant American Home Products Corporation ("AHP") is a Delaware corporation with its principal place of business in New Jersey and Defendant Eon Labs Manufacturing, Inc. ("Eon Labs") is also a Delaware corporation with its principal place of business in New York. Plaintiff also named another Florida citizen, Goldline Laboratories, Inc., as a Defendant in this case. Accordingly, at that time, diversity of citizenship did not exist.

On August 3, 2001, however, Plaintiff voluntarily dismissed Goldline from the case. The notice of dismissal would be considered the first paper "from which it may first be ascertained that the case is one which is or has become removable" under 28 U.S.C. 1446(b), and upon Defendant's receipt thereof, complete diversity existed. Accordingly, Defendant timely filed for removal on September 4, 2001, invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. §1332.[10]

Having established that the notice of removal was timely filed and that the complete diversity of citizenship existed, and establishing supra that Defendant met its burden of establishing the amount in controversy, the Court turns to the issue of whether Defendant American Home Products needed to obtain the consent of Eon Labs prior to removal. Section 1446(a) has been consistently interpreted to include a "unanimity requirement" which requires the consent to removal of all

---

[9] Because Plaintiff had filed a timely motion for remand in one case and in part, due to the Court's leaning towards the equities of permitting additional mail time for Plaintiff' motion for remand, the Court heard the arguments of counsel and was fully briefed on these issues at the November 27 hearing.

[10] Although this case was initially remanded sua sponte by this Court, Defendant's second removal notice (clarifying the grounds for removal so that the initial ground for the Court's sua sponte remand was no longer valid) was timely filed under 28 U.S.C. §1446(b), Fed R. Civ. P 6(a) and Local Rule 4.20.

defendants in a case involving multiple defendants. See Russell Corp. v. American Home Assur.

Co., 264 F.3d 1040, 1044 (11th Cir. 2001) ("the unanimity requirement mandates that in cases

involving multiple defendants, all defendants must consent to removal"). Of course, if Eon Labs was

not served at the time AHP removed this case, as AHP contends, Eon Labs' consent was not

required.

　　　Plaintiff offers as evidence that Eon Labs was served, a letter from its counsel dated

September 25, 2001, agreeing that prior delivery of the complaints by mail on local counsel

constituted service. See Dkt. 9, Exh. 3. Defendant submitted affidavits of counsel that prior to

removing this case to federal court, counsel contacted counsel for Eon Labs to confirm that Eon Labs

had not been served. See Dkt. 10, Exh. A. Defendant argues that because Eon Labs and Plaintiff's

counsel came to an agreement *after* the date of removal, they should not be precluded from removing

the case because there is no way that Defendant AHP could have known service would later be

attained on a date prior to their removal.[11]

　　　The Court is persuaded by Defendant's arguments. As the Court ruled *ore tenus* at the

hearing, Defendant met their burden in filing their notice of removal on this issue. Defendant

exhibited diligence in checking the state court file and calling Eon Labs' counsel to confirm whether

service had occurred prior to removal, presumably knowing that if Eon Labs had been served they

would have to obtain their consent prior to removal.[12] Plaintiff's counsel counters that defense

---

[11] Counsel for Defendant AHP also attests that he checked the state court docket to determine
if service of process on Eon Labs had been attained. See Dkt. 10, Exh. A.

[12] A fact which was not likely to occur. Defendant notes, in the affidavit of counsel, that Eon
Labs previously agreed with Plaintiff, as they had done in other similar cases, not to consent to removal.
Nonetheless, counsel for Eon Labs did confirm to AHP's counsel when contacted prior to filing the
notice of removal, that to his knowledge Eon Labs had not been served with process. See Dkt. 10, Exh.
A.

11

counsel should have checked with Plaintiff's counsel. The Court does not find this argument countervailing in these circumstances. Plaintiff's motion for remand in this case is also denied.

It is hereby **ORDERED** and **ADJUDGED** that Plaintiff's Motion for Remand (Dkt. 9) is denied as set forth herein and those diet drug cases removed from the Sixth Judicial Circuit Court in and for Pinellas County are hereby found to have been properly removed to this Court. Defendant's Motion to Conduct Discovery Regarding Jurisdiction (Dkt. 11) and Plaintiff's Motion to Transfer Cases and for Protective Order (Dkt. 35) are therefore denied as moot.

**DONE** and **ORDERED** in Tampa, Florida on this ___4___ day of December, 2001.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

12

# Exhibit C

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

| | |
|---|---|
| **ANA MARTINEZ,**<br>**2024 Beacon Height Dr.**<br>**Reston, VA 20191** | |
| Plaintiff, | **CA NO. 2007 CA 006055 B** |
| v. | |
| **BOSTON SCIENTIFIC CORP.**<br>**1 Boston Scientific Place**<br>**Natick, MA 01760-1537** | |
| **AND** | |
| **GUIDANT SALES CORP.**<br>**111 Monument Circle, Ste 2900**<br>**Indianapolis, IN 46204-5405** | |
| Defendants. | |

## NOTICE OF FILING NOTICE OF REMOVAL OF CIVIL ACTION

TO:    Clerk of the Superior Court of the District of Columbia:

Please take notice that Boston Scientific Corporation ("BSC") and Guidant Sales Corporation ("GSC") have on this 20th day of September, 2007, filed in the United States District Court for the District of Columbia, a Notice of Removal to Federal Court of the above-entitled cause, a true and accurate copy of which is attached hereto as Exhibit 1 and incorporated herein by this reference. This Notice serves to effect the removal of this case pursuant to 28 U.S.C. Section 1446(d), thereby precluding the Superior Court of the District of

142420v1

Columbia from proceeding further in this case, unless and until this case is remanded hereto by

the United States District Court.

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.


____/s/ Michelle R. Mangrum_____

Michelle R. Mangrum, D.C. Bar No. 473634

600 14th St., N.W., Ste. 800

Washington, DC 20005

Telephone:     (202) 783-8400

Fax:            (202) 783-4211

**Attorneys for Defendants**
**Boston Scientific Corporation, and**
**Guidant Sales Corporation**

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2007, I caused the following documents:

DEFENDANT ELI LILLY AND COMPANY'S NOTICE OF REMOVAL TO FEDERAL COURT

CERTIFICATE OF SERVICE

to be filed electronically with the Clerk of the Court through the Court's e-filing service, CaseFileXpress, and that such e-filing service will send an e-notice of electronic filing to the e-filing participants in this matter.

I further certify that I caused true and accurate copies of the above listed documents to be mailed by first-class mail, postage paid, to the following counsel of record:

Paulson & Nace
Barry J. Nace, Esq.
Gabriel A. Assaad, Esq.
1615 New Hampshire Avenue, NW
Third Floor
Washington, DC 20009


    /s/ Michelle R. Mangrum
Michelle R. Mangrum

**Attorney for Defendants
Boston Scientific Corporation, and
Guidant Sales Corporation**