## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ANA MARTINEZ,** | |
| Plaintiff, | |
| v. | **CIVIL ACTION NO. 1:07-cv-01666-ESH** |
| **BOSTON SCIENTIFIC CORP., AND GUIDANT SALES CORP.,** | |
| Defendants. | |

### DEFENDANTS' UNOPPOSED MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER TO MDL 1708 AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Defendants Boston Scientific Corporation and Guidant Sales Corporation (collectively, "Defendants"), move the Court pursuant to Rule 6(b) of the Federal Rules of Civil Procedure for an Order staying all proceedings, including, but not limited to, (i) the time period for Defendants to respond to Plaintiff's Complaint, (ii) a ruling on any jurisdictional issues such as those that may be raised in any Motion to Remand, (iii) the period for initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure, and (iv) other discovery and pretrial deadlines, pending the Judicial Panel on Multidistrict Litigation's ("JPML") decision regarding transfer of Plaintiff's claims to the MDL Court entitled *In Re Guidant Corp. Implantable Defibrillators Products Liability Litigation,* MDL Docket No. 1708 (D. Minn.) ("MDL 1708"). In support thereof, Defendants state:

    1.    Plaintiff's claims arise out of the implantation of cardiac medical devices allegedly manufactured by Defendants.

142581v2

2.      On November 7, 2005, the JPML created the MDL 1708 (Transfer Order, attached as **Exhibit A**) for coordinated and consolidated pretrial proceedings in these cases. Among the purposes for such consolidation is to "eliminate duplicative discovery, prevent inconsistent pretrial rulings . . . and conserve the resources of the parties, their counsel and the judiciary." *Id.*  Shortly after MDL 1708 was created, the JPML began transferring cases involving these allegedly defective cardiac devices to the United States District Court for the District of Minnesota for consolidated pretrial proceedings pursuant to 28 U.S.C. Section 1407. More than 2000 cases involving cardiac medical devices allegedly manufactured by Defendants have been filed in federal courts or removed to federal courts throughout the country since MDL 1708 was established.  At least 1900 cases have been transferred or ordered to be transferred to MDL 1708.  A majority of the other cases against Defendants pending in federal courts throughout the country are in the process of being transferred.

3.      As set forth in the Memorandum of Points and Authorities below, proceedings involving claims such as those presented in this case are routinely stayed pending transfer to MDL 1708.

4.      A stay of all proceedings in this Court pending transfer is appropriate because such relief will promote judicial economy and consistency.  Transfer of this case will permit MDL 1708 to decide the many issues, including jurisdictional issues, that have arisen or are likely to arise in the many cases pending against Defendants throughout the country.

5.      Plaintiff's counsel does not oppose the granting of this motion.

WHEREFORE, Guidant respectfully requests that this Court enter an order staying all proceedings in this Court, including, but not limited to, (i) the time period for Defendants to respond to Plaintiff's Complaint (ii) a ruling on any jurisdictional issues such as those that may

be raised in any Motion to Remand, (iii) the period for initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure, and (iv) other discovery and pretrial deadlines pending the JPML's decision regarding transfer of Plaintiff's claims to MDL 1708.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.     INTRODUCTION

In June 2005, certain physician advisories about cardiac medical devices manufactured by Defendants were classified as recalls by the federal Food and Drug Administration ("FDA"). Since that time, more than 2000 cases have been filed in or removed to federal courts throughout the country alleging injuries resulting from the implantation of these devices and more than 1900 cases have been transferred or formally ordered to be transferred to MDL 1708. Many more are expected to be subject to the JPML's upcoming CTOs. Guidant has notified the JPML that Plaintiff's claims are appropriate for transfer the MDL Court. Within the next couple of weeks, the JPML will likely issue a CTO transferring this case. Once this case is transferred to MDL 1708, all pretrial issues will be governed by scheduling orders entered by the Honorable Donovan W. Frank, who presides over MDL 1708 and those orders will supersede any rules or orders governing the case at the time of transfer. Accordingly, to promote uniformity and judicial economy, Defendants respectfully requests that all proceedings in this action be stayed pending the JPML's decision on transfer.

## II.     ARGUMENT

A court has broad discretion to grant a motion to stay pretrial proceedings pending transfer to another court. *See Portnoy v. Zenith Labs,* No. 86-3512, 1987 WL 10236, at *1 (D.D.C. April 21, 1987); *see also Clinton v. Jones*, 520 U.S. 681, 706-707 (1997). Moreover, federal courts possess the inherent power to control their dockets by staying proceedings. *See id.*

- 3 -

Such stays are particularly valuable in promoting the purposes of the JPML, which is designed to promote judicial efficiency and consistency. *See* 28 U.S.C. § 1407(a). This Court's authority to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.,* 229 U.S. 248, 254 (1936).

The authority to stay pretrial proceedings includes authority to stay consideration of jurisdictional matters pending transfer to an MDL. *See Tench v. Jackson Nat'l Life Ins. Co.,* No. 99-C-5182, 1999 WL 1044923, at *1 (N.D. Ill. Nov. 12, 1999) (ordering a stay of proceedings pending transfer to an MDL court when a motion to remand was pending). Indeed, the "general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until after the [JPML] has transferred the case." *Jackson v. Johnson & Johnson, Inc.,* No. 01-2113, 2001 WL 34048067, at *6 (W.D. Tenn. April 3, 2001). Consolidating motions to remand in an MDL court allows for uniformity and judicial economy in determining jurisdictional issues. *See In re Ivy,* 901 F.2d 7, 9 (2d Cir. 1990) ("Once transferred, the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level in due course. Consistency as well as economy is thus served."); *Falgoust v. Microsoft Corp.,* No. 00-0779, 2000 WL 462919, at *1 (E.D. La. April 19, 2000) (transferee court should decide remand motion because of the replication of factual and legal issues in several actions brought against same defendant); *Aikins v. Microsoft Corp.,* No. 00-0242, 2000 WL 310391, at *1 (E.D. La. Mar. 24, 2000) (same).

Indeed, a number of other district courts have stayed all proceedings, including rulings on unresolved jurisdictional issues, in actions allegedly involving these cardiac medical devices pending transfer to MDL 1708. *See, e.g., Sims v. Guidant, et al.,* No. 06-0644 (S.D. Ala. Nov. 2,

- 4 -

2006) (order granting stay, Hand, J.); *Gaydos v. Guidant, et al.,* No. 05-1683 (M.D. Fla. Dec. 8, 2005) (order granting stay, Presnell, J.); *Cabrera v. Guidant, et al.,* No. 06-593 (M.D. Fla. July 28, 2006) (Order granting stay, Presnell, J.); *Curcio v. Guidant Corp., et al.,* No. 05-61899 (S.D. Fla. Jan. 26, 2006) (order granting stay, Dimitrouleas, J.); *Wood v. Guidant, et al.,* No. 06-0733 (D.N.M. Nov. 16, 2006) (order granting stay, Lynch, J.); *Oakes v. Guidant, et al.,* No. 06-0732 (D.N.M. Sept. 25, 2006) (order granting stay, Scott, J.); *DePaul v. Guidant, et al.,* No. 06-1806 (S.D. Tex. June 28, 2006) (order granting stay, Werlein, J.); *Hardin v. Guidant Corp., et al.,* No. 05-430 (S.D. Tex. Feb. 1, 2006); and *Caldwell v. Guidant Corp., et al.,* No. 05-1144 (W.D. Tex. Jan. 18, 2006) (attached as Composite **Exhibit B**).

Courts consider several factors when determining whether a stay of proceedings is appropriate, including judicial economy and efficiency, the risk of "inconsistent pretrial rulings," and duplicative discovery and motion practice. *Johnson v. AMR Corp.,* Nos. 95-C-7659 – 95-C-7664, 1996 WL 164415, at *3 (N.D. Ill. Apr. 3, 1996) (granting stay and preserving decision on remand motion for MDL transferee court); *see also Rivers v. Walt Disney Co.,* 980 F. Supp. 1358, 1360-1362 (C.D. Cal. 1997) (granting stay where remand motion was pending and an MDL court had not yet been selected in order to conserve judicial resources). This analysis is often accompanied by a balancing of the relative hardships to each party in the event a stay is granted or denied. *See Meyers v. Bayer AG,* 143 F. Supp. 2d 1044, 1053 (E.D. Wis. 2001) (where defendant faced the same or similar issues on remand in eight other cases, stay was granted because gains in judicial economy outweighed the burden of delay); *American Seafood, Inc. v. Magnolia Processing, Inc.,* Civ. A. Nos. 92-1030, 92-1086, 1992 WL 102762, at *1, 2 (E.D. Pa. May 7, 1992); *Tench,* 1999 WL 1044923, at *2 ("Duplicative motion practice and

discovery heavily outweigh the possible prejudice the short time period that the proceedings stayed will cause the plaintiffs."). In this case, these factors all weigh heavily in favor of a stay.

**A.     A Stay Will Conserve the Resources of the Court and Litigants**

The MDL 1708 Court has already established effective pretrial and discovery procedures tailored to address the specific issues arising in this litigation. In fact, to date, more than fourteen (14) million pages of documents have been produced in the MDL. Proceedings that duplicate or are contrary to those MDL Orders will serve only to cause confusion and waste the time and resources of the federal court system and the litigants. By contrast, a stay of proceedings in this Court pending transfer to the MDL Court will avoid these issues.

**B.     A Stay Will Promote Consistency in Pretrial Rulings**

Courts routinely grant stays pending transfer to an MDL in order to provide greater consistency in pretrial rulings. *See Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft,* 48 F. Supp. 2d 37, 43 (D.D.C. 1999) (stay granted in order to "eliminate the potential for conflicting pretrial rulings" and to further judicial economy); This includes rulings on jurisdictional issues. *See Nekritz v. Canary Capital Partners,* No. 03-5081, 2004 WL 1462035, at *2 (D.N.J., Jan. 12, 2004) (staying case with remand motion pending MDL transfer because "an immediate stay will permit the most efficient possible use of the courts' and the parties' resources, and will eliminate the danger that a decision on this remand motion might be inconsistent with decisions by other courts on similar questions"); *Johnson,* 1996 WL 164415, at *4 (noting that the MDL has the advantage of "looking at the forest as well as the trees" and finding that upon transfer "it is far better for the . . .[MDL judge] to resolve the jurisdictional question").

The volume of cases alleging similar claims in numerous different jurisdictions makes consistency of pretrial rulings of paramount importance. Consistency is best achieved by

granting a stay pending transfer to the MDL, where all pretrial issues can be decided by one court in a uniform manner. The MDL 1708 Court has extensive knowledge of this complex litigation and the issues raised in Plaintiff's Complaint.

### C.     The Benefits of a Stay Outweigh Any Harm

A court may weigh the relative benefits and harms to litigants in deciding whether to grant a stay. *See Portnoy*, 1987 WL 10236, at *1 (D.D.C. April 21, 1987) (in deciding if justice would be furthered by a stay of proceedings, court examined the harm to plaintiff and found that any delay that would result was minimal); *Republic of Venezuela v. Philip Morris Co.*, 1999 WL 339211677 (S.D. Fla., April 28, 1999) (staying case until decision by JPML regarding MDL transfer despite Plaintiff's pending motion to remand because Plaintiff would not be prejudiced).

In contrast to the significant burdens imposed on the defendants by exposing them to potentially duplicative and inconsistent pretrial rulings and discovery, the harm, if any, to the plaintiffs from a brief stay, would be minimal. *See Rosenfeld v. Hartford Ins. Co.*, Nos. 88 CIV. 2153 (MJL), 88 CIV. 2252 (MJL), 1988 WL 49065, at *2 (S.D.N.Y. May 12, 1988) ("While they may suffer some initial delay, once the cases are coordinated and the defendants are able to respond to all the complaints in a coordinated manner, more time may well be saved than was lost"); *Falgoust*, 2000 WL 462919, at *2 (granting stay where moving party demonstrated harm would result if stay was withheld while non-movant failed to show she would be significantly prejudiced). As noted above, transfer is likely to occur promptly. Any delay in the litigation of this case will therefore be minimal.

## III.    CONCLUSION

For all these reasons, Defendants respectfully requests that the Court issue the attached

Order staying all proceedings in this matter pending the JPML's decision regarding transfer of

this case to MDL 1708.

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

/s/ Michelle R. Mangrum
Michelle R. Mangrum, D.D.C. Bar No. 473634
600 14th St., N.W., Ste. 800
Washington, DC  20005
Telephone:     (202) 783-8400
Fax:               (202) 783-4211

**Attorneys for Defendants**
**Boston Scientific Corporation, and**
**Guidant Sales Corporation**

## LOCAL RULE 7(m) CERTIFICATION

Pursuant to Local Rule 7(m), Defendants certify that, through their counsel, Defendants conferred with Plaintiff's counsel to determine whether Plaintiff opposes the relief requested in this motion.  Plaintiff's counsel indicated that Plaintiff does not oppose the granting of this motion.

   /s/ Michelle R. Mangrum
**Attorney for Defendants**
**Boston Scientific Corporation, and**
** Guidant Sales Corporation**

142581v2

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, this 28th day of September, 2007, which sent notification of such filing to all counsel of record listed below.

Barry J. Nace, Esq.
Gabriel A. Assaad, Esq.
Paulson & Nace
1615 New Hampshire Avenue, NW
Third Floor
Washington, DC 20009

**Attorneys for Plaintiff**

/s/ Michelle R. Mangrum
Michelle R. Mangrum

**Attorney for Defendants**
**Boston Scientific Corporation, and**
**Guidant Sales Corporation**

142581v2

# Exhibit A

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV - 7 2005

FILED
CLERK'S OFFICE

### RELEASED FOR PUBLICATION

### DOCKET NO. 1708

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE GUIDANT CORP. IMPLANTABLE DEFIBRILLATORS PRODUCTS LIABILITY LITIGATION

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation currently consists of two actions in the District of Minnesota and one action each in the Central District of California, Southern District of Florida, Southern District of Indiana and Eastern District of New York as listed on the attached Schedule A.[1] Before the Panel are two motions, pursuant to 28 U.S.C. § 1407, that taken together seek centralization for coordinated or consolidated pretrial proceedings of the six actions. Plaintiff in one District of Minnesota action and plaintiff in the Southern District of Indiana action both seek centralization in the district in which their respective actions are pending. Defendants Guidant Corp., Guidant Sales Corp., and Cardiac Pacemakers, Inc. (collectively Guidant) initially opposed the motions, but now agree that centralization is warranted; however, the defendants propose the Northern District of Illinois as transferee district. Plaintiffs in all actions before the Panel agree that centralization is appropriate, as do plaintiffs in numerous potential tag-along actions, but some responding plaintiffs suggest transferee districts other than those proposed by the movants and Guidant, including the Northern District of California, Southern District of Florida, Eastern District of New York, Northern District of Ohio, and Eastern District of Pennsylvania, among others.

On the basis of the papers filed and hearing session held, the Panel finds that these six actions involve common questions of fact, and that centralization under Section 1407 in the District of Minnesota will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share allegations that certain implantable defibrillator devices manufactured by Guidant were defective and caused injury, or the threat of injury, to the plaintiffs and putative class members. Plaintiffs in some potential tag-along actions also bring claims related to pacemakers manufactured by Guidant. All devices at issue in these actions have been the subject of

---

[1]  The Panel has been notified of over 60 potentially related actions pending in multiple federal districts. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

written warnings, medical advisories, recalls, or some combination thereof. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

Given the varied locations of parties and witnesses in this docket and the geographic dispersal of pending actions, it is clear that a wide array of suitable transferee districts presents itself. In concluding that the District of Minnesota is an appropriate forum for this docket, we observe that this district, where at least ten actions are already pending before one judge, is a geographically central, metropolitan district equipped with the resources that this complex products liability litigation is likely to require. The District of Minnesota also has a nexus to this docket given the location there of key Guidant facilities involved in the development and manufacturing of the relevant devices.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Minnesota are transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable Donovan W. Frank for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

**SCHEDULE A**

<u>MDL-1708 -- In re Guidant Corp. Implantable Defibrillators Products Liability Litigation</u>

<u>Central District of California</u>

*Joseph Gabriele v. Guidant Corp.*, C.A. No. 5:05-487

<u>Southern District of Florida</u>

*Eugene Clasby v. Guidant Corp.*, C.A. No. 1:05-21485

<u>Southern District of Indiana</u>

*John Brennan v. Guidant Corp., et al.*, C.A. No. 1:05-827

<u>District of Minnesota</u>

*Edith Walker v. Guidant Corp.*, C.A. No. 0:05-1141
*Darci L. Munson v. Guidant Corp., et al.*, C.A. No. 0:05-1153

<u>Eastern District of New York</u>

*Larry Wenig, et al. v. Guidant Corp., et al.*, C.A. No. 2:05-2822

# Exhibit B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JO ANN OAKES,

       Plaintiff,

vs.

                                             Civ. No. 06-732 WJ/RHS

LARRY TIBBETTS, EDWARD TAGUE,
DEREK TUCKER, GUIDANT, INC., an
Indiana corporation, GUIDANT SALES
CORPORATION, CARDIAC PACEMAKERS,
INC., an Indiana corporation, and JOHN DOES I-X,

       Defendants.

ORDER GRANTING MOTION TO STAY ALL
CASE PROCEEDINGS PENDING
TRANSFER OF CASE TO MDL 1708

       **THIS MATTER** comes before the Court on the Motion of Defendant Guidant, Inc.,

Guidant Sales Corporation, and Cardiac Pacemakers, Inc., seeking an order staying all

proceedings and deadlines in this action, including the deadline for Defendants to respond to

Plaintiff's complaint, pending the decision of the Judicial Panel on Multi-District Litigation

regarding transfer of Plaintiff's claims to MDL 1708 [docket no. 6]. The Court has now

considered the motion together with Plaintiff's response thereto [docket no. 7] and having

considered the pleadings on file in the above captioned cause together with the arguments and

authorities propounded by the respective parties hereby concludes that the motion is well taken.

       The factual background and procedure history of the instant case is limited as it pertains to

the motion to stay. Plaintiff asserts that she was injured as the result of implantation of a cardiac

-1-

medical device allegedly manufactured by Defendants. Plaintiff's complaint was filed on July 13,
2006, in the First Judicial District Court, County of Santa Fe and State of New Mexico.
Defendants Guidant, GSC, and CPI removed the case to this Court on August 14, 2006. In
Plaintiff's response [docket no. 7] at page 5 Plaintiff complains that counsel is not aware of any
other pending cases involving Defendant Tibbetts other than this matter and Tellez v. Tibbetts,
USDC NM Civ. No. 06-408 WJ/CEG. Respectfully, this is not correct. In their motion to stay,
Defendants advised Plaintiff of other cases involving Tibbetts that the Defendants have removed
which have identical claims as to those raised by the Plaintiff here (see docket no. 6, page 2,
paragraph 3).

The Court has very broad discretion in granting a motion to stay pending transfer to
another Court. See Portnoy v. Zenith Labs, No. 86-3512, 1987 WL 10236, at *1 (D.D.C. April
21, 1987). As of the date of this order, the parties await the decision of the MDL Panel as to
whether this action should be consolidated into the proceeding in Minnesota. If the case is
transferred, all pretrial issues and scheduling shall be governed by the judge presiding over MDL
1708 and these orders would supersede any orders governing this case at the time of transfer.
Therefore, a stay of proceedings in this court is appropriate because the stay will provide and
promote judicial economy as well as consistency. See e.g., Rivers v. Walt Disney Co., 980
F.Supp. 1358, 1362 (C.D. Cal. 1997) (staying action pending transfer decision by MDL Panel);
Portnoy, at *1 (explaining that the law "favors coordination of related cases").

Therefore, the Court concludes that to promote this uniformity and judicial economy this matter
should be stayed pending the JPML's decision on transfer of this case to MDL 1708.

-2-

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay All Case Proceedings Pending Transfer of Case to MDL 1708 [docket no. 6] is hereby granted and all proceedings in this matter are hereby stayed pending the JPML's decision regarding transfer of this case to MDL 1708 including the requirement that Defendants answer or otherwise respond to the complaint until such time as the MDL court mandates.

**IT IS FURTHER ORDERED** that Plaintiff may continue to serve process upon Defendants Tibbetts and Robert Huston (Robert Huston is not a named Defendant in the caption but perhaps he is a John Doe Defendant), and that upon completion of service of process these Defendants shall also be relieved from the responsibility of filing a responsive pleading as more fully set forth above.

**IT IS FURTHER ORDERED** that Plaintiff's request for an early mediation (see Plaintiff's response, docket no. 7 at page 4) is hereby denied as this request for relief should be brought to the Court by separate and individual motion practice. If all named parties in the above captioned cause consent and agree to an early mediation, the undersigned United States Magistrate Judge shall agree to promptly schedule the same and this shall not be considered to be in violation of the Court stay as ordered herein. If, however, all parties do not consent and agree to an early mediation that matter must be raised in motion practice after the stay is lifted by order of the appropriate court.

Robert Hayes Scott
_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE

-3-

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MANUEL P. WOOD AND MARINA WOOD,

       Plaintiffs,

v.                                 CV 06-0733 WJ/WPL

LARRY TIBBETS, ROBERT HUSTON,
GUIDANT, INC., an Indiana Corporation,
GUIDANT SALES CORPORATION,
CARDIAC PACEMAKERS INC., an
Indiana Corporation, and JOHN DOES I-X,

       Defendants.

**ORDER GRANTING MOTION TO STAY PROCEEDINGS**

This matter is before me on a motion for a stay requested by all of the Defendants that have

been served—namely, Guidant Corporation, Guidant Sales Corporation, Cardiac Pacemakers Inc.,

and Larry Tibbetts.[1] (Doc. 7, 19.) Plaintiffs oppose the motion. (Doc. 8.)[2]

---

[1] The amended notice of removal asserts that "Guidant, Inc." was misnamed in the complaint and should be referred to as "Guidant Corporation." (Doc. 2 at 1.) Similarly, the Defendant named as "Larry Tibbets" refers to himself as "Larry Tibbetts." (Doc. 19.)

[2] In their response, Plaintiffs accuse Defendants of including "false statements of fact" in their motion. (Doc. 8 at 2.) Only one false statement is identified by Plaintiffs: Defendants' assertion, "[o]n information and belief," that Tibbetts had not been served. (Doc. 7 at 2.) Plaintiffs submit an affidavit from a process server, averring that he served Tibbetts at home on August 18, 2006 at approximately 9:00 a.m. (Doc. 8 Ex. B.) Defendants filed their motion on August 18, 2006 at 4:27 p.m. Plaintiffs offer nothing to suggest that Defendants or their counsel were aware that service had been made on Tibbetts, at his home, less than eight hours before the motion was filed. Plaintiffs also assert, "A return of service filed August 21, 2006 further demonstrates that service was filed with the Court." (*Id.* at 2.) I can find nothing on this Court's electronic docket to indicate that a return of service was filed on August 21, 2006. Even if it were filed on that day, Plaintiffs do not explain the metaphysical process by which it would have provided notice to Defendants three days earlier. Thus, it appears that Plaintiffs' accusation that Defendants made "false statements of fact" is unjustified and is itself a misstatement of the record. This type of conduct by counsel does a disservice to opposing counsel, the Court, and the litigants, and I do not take it lightly.

BACKGROUND

In November 2005, the Judicial Panel on Multidistrict Litigation (JPML) established MDL 1708 in the District of Minnesota for coordinated pretrial proceedings in cases involving allegedly defective cardiac devices manufactured by Guidant Corporation, Guidant Sales Corporation, and Cardiac Pacemakers. (Doc. 2 Ex. B.)

In July 2006, Plaintiffs initiated this action in the First Judicial District of New Mexico. Their complaint alleges that one of the defective cardiac devices was implanted in Plaintiff Manuel Wood. (*Id.* Ex. A (Compl.) at 1, 3-5.) The complaint further alleges that Defendants Tibbetts and Huston are sales or marketing representatives for the other Defendants and are residents of New Mexico. (*Id.* at 1-2.)

Defendants Guidant Corporation, Guidant Sales Corporation, and Cardiac Pacemakers removed the action to this Court, contending that Tibbetts and Huston were fraudulently joined to defeat diversity jurisdiction. (*Id.* (Amended Notice of Removal) at 6-10.) Plaintiffs immediately filed a motion to remand. (Doc. 5.) The removing Defendants then filed their motion to stay all proceedings pending a final decision by the JPML regarding whether to transfer this case to MDL 1708. (Doc. 7.) Tibbetts later joined in this motion. (Doc. 19.) In September 2006, the JPML conditionally transferred the case to MDL 1708. (Doc. 12.)

At least four other cases have been removed to this district involving the allegedly defective cardiac devices. In all of the cases, the plaintiffs named Tibbetts as a defendant and filed motions to remand. *See Baeza v. Tibbetts et al.*, No. 06-CV-0407 MV/WPL; *Tellez v. Tibbetts et al.*, No. 06-CV-0408 WJ/CEG; *Oakes v. Tibbetts et al.*, No. 06-CV-0732 WJ/RHS; *Simpson v. Tibbetts et al.*,

2

No. 06-CV-0734 MV/LAM. *Baeza* has been remanded.[3] On October 17, the JPML transferred *Tellez* to MDL 1708. (Doc. 22.) In doing so, the JPML denied the plaintiffs' motion to vacate the conditional transfer order and specifically noted that the motion for remand could be decided by the transferee court. (*Id.*) *Oakes* and *Simpson* remain at this Court, although the JPML has issued orders conditionally transferring them to MDL 1708.

## DISCUSSION

When deciding whether to enter a stay, a court should consider three factors: 1) the potential prejudice to the nonmoving party; 2) the hardship and inequity to the moving party; and 3) the judicial resources that would be saved. *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

Regarding prejudice to Plaintiffs, they assert that a stay will cause delay and inconvenience. Delay is likely to be minimal, given that the JPML transferred the related *Tellez* case approximately one month ago. As for inconvenience, the JPML did not require oral argument to decide the *Tellez* remand motion. (Doc. 22.) Furthermore, Plaintiffs are represented by the same law firm that represents the plaintiffs in *Tellez*, *Oakes*, and *Simpson*. The firm has made use of "generically formatted" (Doc. 13 at 3) briefing in this Court and can do the same before the transferee court, should the cases be transferred.

Regarding hardship and inequity to Defendants, the JPML has already recognized that centralization is necessary to prevent inconsistent pretrial rulings. (Doc. 2 Ex. B.)

---

[3] The Court simultaneously denied a motion for a stay. Although Plaintiffs assert that *Baeza* is controlling here, I note at least two differences. First, Guidant Sales Corporation, Tibbetts's employer, was not a defendant in *Baeza*. Second, there was no evidence of other cases involving the same fraudulent joinder issue. (Doc. 8 Ex. 1.)

Regarding judicial resources, the three cases pending in this Court and the case that has already been transferred raise nearly identical issues. Thus, staying consideration of these issues pending transfer would conserve judicial resources.

IT IS THEREFORE ORDERED that the Motion to Stay All Case Proceedings Pending Transfer of Case to MDL 1708 (Doc. 7) is GRANTED.

IT IS SO ORDERED.

William P. Lynch

WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.          4

FILED

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JAN 1 8 2006

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
        DEPUTY CLERK

LUCY LINDA CALDWELL and          )
THOMAS G. CALDWELL               )
                                 )
        Plaintiffs,              )
                                 )       Civil Action No. SA-05-CA-1144-XR
VS.                              )
                                 )
GUIDANT CORPORATION, et al.      )
                                 )
        Defendants.              )
                                 )

## ORDER

On this date, the Court considered Plaintiffs' motion to remand. Defendants removed this case from state court alleging that Plaintiffs improperly joined[1] Defendant Guidant Puerto Rico Sales Corporation (GPRSC)[2] to defeat diversity jurisdiction.

On October 20, 2005, Plaintiffs filed suit in the 150th Judicial District Court of Bexar County, Texas against Defendants. In their lawsuit, Plaintiffs allege that Lucy Caldwell received a Contak Renewal Model H135 ICD (a defibrillator) during an August 7, 2003 surgical implant operation. Plaintiffs allege that the product is defective and that they are suffering extreme mental anguish because they believe that the product may malfunction. Plaintiffs allege that all defendants in this

---

[1]The Fifth Circuit has adopted the term "improper joinder" as being more consistent with the statutory removal language than "fraudulent joinder." *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 571, n.1 (5th Cir. 2004). Accordingly, this Court will address Defendants' fraudulent joinder claim under the improper joinder terminology.

[2]GPRSC is a Texas corporation with its principal place of business in Puerto Rico. It is a wholly-owned subsidiary of Intermedics, Inc., which is a wholly-owned subsidiary of Guidant Corporation.

1

case conspired with the Guidant Corporation to conceal the fact that the product was defective. Alternatively, Plaintiffs argue that the defendants operated as a single business enterprise and that each constituent corporation should be held liable for the actions of the others. Plaintiffs also allege that "by manufacturing, selling, proving and/or implanting a defective ICD ... while concealing the risks of death and catastrophic injury" the defendants impeded any voluntary and knowing consent to the implantation and accordingly a battery was committed by the Defendants at the time the device was implanted. Alternatively, Plaintiffs also allege claims for breach of fiduciary duty, "strict products liability" and breach of express and implied warranty. Further, Plaintiffs bring claims for fraud, constructive fraud, negligence and intentional infliction of emotional distress.

Defendants timely removed this case to this federal court. Defendants argue that GPRSC was improperly joined. Defendants further argue that GPRSC does not design or manufacture pacemakers or defibrillators, it only sells such products in Puerto Rico and St. Croix, it does not sell these products in Texas, and it did not participate in designing, manufacturing or selling the Contak Renewal Model H135 ICD.

On November 7, 2005, the Judicial Panel on Multidistrict Litigation ordered that this case be conditionally transferred to the United States District Court for the District of Minnesota for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.

The Chairman of the Judicial Panel on Multidistrict Litigation has informed judges in other MDL-related cases that a conditional transfer order "does not in any way limit the pretrial jurisdiction of [the original district court]." The Chairman further has stated: "Thus [a district court's] jurisdiction continues until any transfer ruling becomes effective. If you have a motion pending before you in the action - particularly a motion to remand to state court (if the action was

2

removed to your court) - you are encouraged to rule on the motion unless you conclude that the motion raises issues likely to arise in other actions in the transferee court, should we order transfer, and would best be decided there."

It is apparent that the issue of whether GPRSC has been improperly joined has been ruled by other Texas district courts and those courts have reached different opinions. In *Swann v. Guidant Corp.*, 2005 WL 3560627 (S.D. Tex. Dec. 29, 2005), that court concluded that a reasonable possibility of recovery from GPRSC existed under a civil conspiracy claim despite the fact that it did not design, manufacture, or sell the allegedly-defective device. "Plaintiff need not prove that GPRSC owes Plaintiff a "duty in tort" to hold GPRSC liable. Rather, Plaintiff need only prove that: (1) at least one defendant breached a duty in tort to Plaintiff; and (2) that GPRSC conspired with the breaching Defendant to commit that tort." *See also Liedeker v. Guidant Corp.*, 2005 WL 2277633 (S.D. Tex. Sept. 16, 2005)(same); *Motal v. Guidant Corp.*, 2005 WL 2277642 (S.D. Tex. Sept. 16, 2005)(same); *Hinojosa v. Guidant Corp.*, 2005 WL 2177212 (S.D. Tex. Sept. 7, 2005)(same).

However, in *Hardin v. Guidant Corp.*, Civ. No. G-05-430 (S.D. Tex. Sept. 21, 2005), the court granted a motion to remand because it held that a Texas physician was properly joined thus there was no complete diversity. Nevertheless, the Court went on to note "the weakness of the claims against" GPRSC. The Court further stated: "GPRSC apparently had absolutely no connection with Mr. Hardin's device. Plaintiffs argue that since the president of GPRSC was also the president of the corporate entity responsible for manufacturing the device in question, liability can be imputed to GPRSC. The existence of interlocking personnel with a related corporate entity is simply not sufficient to impose liability on a corporation."

In a PPA-related suit this court has concluded that similar type claims could not be

3

maintained against a company because the PPA-containing products that caused the plaintiff's

injuries were not made, marketed, or sold by Advocare. *See Olivas v. American Home Products*

*Corp.*, 2002 WL 32620351 (W.D. Tex. Oct. 18, 2002).

This Court concludes that Plaintiffs' motion raises issues likely to arise in other actions in

the transferee court and would best be decided there to avoid inconsistent rulings. Plaintiff's motion

to Remand (docket no. 5) is transferred to the Hon. Donovan W. Frank for his consideration in

MDL-1708, In re Guidant Corp. Implantable Defibrillators Products Liability Litigation. The Clerk

of this Court is directed to remove Plaintiff's motion to remand (docket no. 5) from the civil pending

motions report of the undersigned judge.

SIGNED this 18th day of January, 2006.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

4

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| ARTHUR T. SIMS and BRENDA M. SIMS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 06-0644-BH-C |
| GUIDANT SALES CORPORATION; et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

This action is again before the Court on defendants' motion to stay (Doc. 3). Upon consideration of the motion, plaintiffs opposition (Doc. 9) thereto, defendants' reply (Doc. 12) and all other pertinent portions of the record, the Court concludes that the motion to stay is due to be granted for the reasons set forth by the defendants (Doc. 3 and 12). The Court agrees that it is likely that the device at issue in this case, namely a Vitality DS T125 pacemaker and defibrillator combination unit serial number 113431, will be included among the devices being addressed in MDL 1708, *In Re Guidant Corp. Implantable Defibrillators Product Liability Litigation*, and that plaintiffs' arguments ought to be addressed in the first instance by the Judicial Panel on Multidistrict Litigation (JPML).[1] It is accordingly **ORDERED** that the defendants' motion to stay be and is

---

[1] To the extent plaintiffs challenge the Court's jurisdiction on the grounds that it is inappropriate to aggregate their damage claims, the Court finds plaintiffs' argument to be without merit for the reasons stated by the defendants in their Notice of Removal (Doc. 1-1). To the extent plaintiffs argue that they should be given an opportunity to amend their complaint to prevent such aggregation, such an effort to divest this Court of jurisdiction is clearly impermissible.

hereby **GRANTED** in that this action be and is hereby **STAYED** pending transfer to MDL 1708, **PROVIDED** that the defendants notify the JPML as soon as possible but **no later than November 14, 2006**, that plaintiffs' claims are appropriate for transfer to MDL 1708 and take such steps as are necessary to obtain the transfer.

It is **FURTHER ORDERED** that the defendants **FILE** with this Court on the **second Tuesday of every month commencing December 12, 2006** a status report concerning the proceedings before the JPML and the transfer of this action to MDL 1708, **FAILING IN WHICH THIS COURT SHALL LIFT THE STAY AND PROCEED WITH THE LITIGATION IN THIS COURT.**

**DONE** this 2nd day of November, 2006.

_____ s/ W. B. Hand _____
SENIOR DISTRICT JUDGE

2

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**STEVE GAYDOS & DIANE GAYDOS,**

      **Plaintiffs,**

-vs-                                       **Case No. 6:05-cv-1683-Orl-31KRS**

**GUIDANT CORPORATION &
ADVENTIST HEALTH
SYSTEM/SUNBELT, INC.,**

      **Defendants.**

_____

# ORDER

    Upon consideration of Defendant's Motion to Stay (Doc. 10) and Plaintiff's Response in

Opposition (Doc. 11), it is

    **ORDERED** that said Motion is GRANTED.  All proceedings in this case are STAYED,

pending transfer to the MDL court.

    **DONE** and **ORDERED** in Chambers, Orlando, Florida on December 8, 2005.

                                        GREGORY A. PRESNELL
                             UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DAWN CABRERA,

    **Plaintiff,**

-vs-            Case No. **6:06-cv-593-Orl-31KRS**

GUIDANT CORP. and HOLMES
REGIONAL MEDICAL CENTER, INC.,

    **Defendants.**

_____

## ORDER

  Upon consideration of Defendant Guidant Corporation's Motion to Stay All Proceedings

(Doc. 7), and Plaintiff's Response thereto (Doc. 13), it is

  **ORDERED** that said Motion is GRANTED.  All proceedings in this case are STAYED

pending MDL transfer.  If transfer has not occurred by July 28, 2006, Plaintiff may move to lift

this stay.

  **DONE** and **ORDERED** in Chambers, Orlando, Florida on May 24, 2006.

            _____
             GREGORY A. PRESNELL
            UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-61899-CIV-DIMITROULEAS

PETER S. CURCIO, and
JEANNE V. CURCIO, his wife,

       Plaintiffs,

vs.

GUIDANT CORP., a foreign corporation,
and LEE MEMORIAL HEALTH SYSTEM
d/b/a HEALTHPARK MEDICAL CENTER,
a Florida corporation,

       Defendants.
_____/

FILED by _____ D.C.

JAN 2 6 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## ORDER GRANTING MOTION TO STAY

       THIS CAUSE is before the Court upon Defendant Guidant Corporation's Renewed

Motion to Stay All Proceedings Pending Final Transfer to MDL 1708, filed herein on January 24,

2006. [DE-29]. The Court has carefully considered the Motion and is otherwise fully advised in

the premises. On January 19, 2006, the MDL Panel issued a Conditional Transfer Order

indicating that the case is scheduled for transfer. Accordingly, it is **ORDERED AND**

**ADJUDGED** as follows:

    1.    Defendant Guidant Corporation's Renewed Motion to Stay All Proceedings

          Pending Final Transfer to MDL 1708, filed herein on January 24, 2006 [DE-29], is

          hereby **GRANTED**.

    2.    The above-styled action is hereby **STAYED** pending transfer by the MDL Panel.

    3.    In the event this case is not transferred, the parties shall file a status report with



this Court no later than February 17, 2006.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this

____ day of January, 2006.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Eileen Moss, Esq.
John J. Uustal, Esq.
Elinor Baxter, Esq.

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED
JUN 2 8 2006
Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| ROSS DEPAUL, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-1806 |
| | § | |
| GUIDANT CORPORATION, GUIDANT | § | |
| SALES CORPORATION, GUIDANT | § | |
| PUERTO RICO SALES CORPORATION, | § | |
| and CARDIAC PACEMAKERS, INC., | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING STAY OF PROCEEDINGS

Pending is Defendants' Motion to Stay All Proceedings Pending Transfer to MDL 1708 (Document No. 3), to which Plaintiff has filed no response in opposition. Defendants' motion is therefore deemed unopposed. *See* Local Rule 17.4. The motion is well taken, and it is therefore

ORDERED that Defendants' Motion to Stay is GRANTED, and all proceedings in this case are STAYED pending transfer to MDL 1708. If the transfer has not been effected by September 29, 2006, the parties will provide a joint status report to the Court to advise whether this STAY should be lifted.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas on this 28th day of June, 2006.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### GALVESTON DIVISION

| | | |
|---|---|---|
| LARRY AND CHARLOTTE HARDIN | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-05-430 |
| | § | |
| GUIDANT CORPORATION, et al., | § | |
| | § | |
| Defendants. | § | |

United States Courts
Southern District of Texas
ENTERED

FEB 0 2 2006

Michael N. Milby, Clerk of Court

## ORDER

This case came before the Court on February 1, 2006, for a routine scheduling conference. Pursuant to written briefing previously submitted to the Court and oral submissions by counsel at the scheduling conference, the Court **ORDERS** that all claims against Defendants Medical Center of Plano and J. Brian DeVille, M.D. are **SEVERED** and **REMANDED** to the District Court of Brazoria County, Texas, 239th Judicial District. All remaining proceedings are **STAYED PENDING TRANSFER** to the Hon. Donovan W. Frank of Minnesota for consolidation with other similar cases in MDL 1708.

**IT IS SO ORDERED.**

DONE this _____ day of February, 2006, at Galveston, Texas.

SAMUEL B. KENT
UNITED STATES DISTRICT JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **ANA MARTINEZ,** | |
| Plaintiff, | |
| v. | **CIVIL ACTION NO. 1:07-cv-01666-ESH** |
| **BOSTON SCIENTIFIC CORP.,** **AND** **GUIDANT SALES CORP.,** | |
| Defendants. | |

## ORDER

UPON CONSIDERATION of Defendants Boston Scientific Corporation and Guidant Sales Corporation's Unopposed Motion To Stay All Proceedings Pending Transfer To MDL 1708,

IT IS HEREBY ORDERED that Defendants' Motion is granted;

IT IS FURTHER ORDERED that, all proceedings in this action are stayed, including, but not limited to: (i) the time period for Defendants to respond to Plaintiff's Complaint; (ii) a ruling on any jurisdictional issues such as those that may be raised in any Motion to Remand; (iii) the period for initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure; and (iv) other discovery and pretrial deadlines pending the JPML's decision regarding transfer of Plaintiff's claims to MDL 1708.

Dated: _____, 2007    _____

United States District Judge

cc:    Appended list of counsel of record

142590v1

## <u>COUNSEL OF RECORD</u>

Barry J. Nace, Esq.
Gabriel A. Assaad, Esq.
Paulson & Nace
1615 New Hampshire Avenue, NW
Third Floor
Washington, DC  20009
**Attorneys for Plaintiff**

Michelle R. Mangrum, Esq.
Shook, Hardy & Bacon, L.L.P.
600 14th Street, N.W., Suite 800
Washington, D.C.  20005-2004
**Attorneys for Defendant**
**Boston Scientific Corporation, and**
**Guidant Sales Corporation**

142590v1